AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

| | |
|---|---|
| United States of America<br>v.<br><br>Willie Lewis Griffin (YOB: 1972)<br><br>*Defendant(s)* | )<br>)<br>) Case No. 16-MJ-1704<br>)<br>)<br>)<br>) |

FILED
At Albuquerque NM
APR 2 0 2016
MATTHEW J. DYKMAN
CLERK

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __January 2016__ in the county of __Bernalillo__ in the
_____ District of __New Mexico__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. Section 2250 | Failure to Register under the Sex Offender Registration and Notification Act |

This criminal complaint is based on these facts:

Willie Lewis Griffin, an individual required to register under the Sex Offender Registration and Notification Act, Knowingly Failed to register as a Sex Offender.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Chris Roberson, Deputy U.S. Marshal
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 4/20/16

_____
*Judge's signature*

City and state: Albuquerque, New Mexico

William Lynch, US Magistrate Judge
*Printed name and title*

I, Deputy Chris Roberson, being duly sworn, depose and state that:

1.      I am a Deputy United States Marshal assigned to the District of New Mexico, South West Investigative Fugitive Task Force. I have been employed with the U.S. Marshal Service since 2010. I have completed the Basic Deputy U.S. Marshal training Academy as well as a Criminal Investigative Training Academy at the Federal Law Enforcement Training Center in Glynco, Georgia. As a Deputy with the U.S. Marshal Service, my assignment is the apprehension of federal and state felony fugitives, including unregistered sex offenders. I am authorized under 28 U.S.C. 564 to enforce law of the United States, including the provisions of 42 U.S.C. 16901 et seq., the Sex Offender Registration and Notification Act (SORNA), and 18 U.S.C. 2250, Failure to Register.

2.      I make this affidavit in support of the criminal complaint charging Willie Lewis Griffin with a violation of 42 U.S.C. 16913(c) and 18 U.S.C. 2250 in that he knowingly failed to update his Sex Offender Registration. The information contained herein was investigated by the affiant or submitted by other law enforcement personnel. The Affidavit is being submitted for the limited purpose of securing a criminal complaint; I have not included every fact known to me concerning this investigation. I have set forth only the facts that I believe is necessary to establish probable cause to demonstrate that Title 18 U.S.C. 2250 and 42 U.S.C. 16913(c) have been violated.

3.      On February 18, 1993, Griffin was found guilty by Jury or Judge in the Recorders Court of Detroit to Count 1: Breaking and Entering; Count2: Criminal Sexual Conduct 1st Degree (Weapon Used); Count 3: Criminal Sexual Conduct 1st Degree (Weapon Used); Count 4: Criminal Sexual Conduct (Personal Injury); Count 5: Armed Robbery; Count 6: Assault with Dangerous Weapon. On these counts, Griffin was sentenced to a term of confinement not to exceed 20 years in prison. On March 31, 2012, Griffin discharged on the max sentence without parole from the Bellamy Creek Correctional Facility.

4.      On January 12, 2012, prior to his release Griffin was provided the State of Michigan, Sex Offender Registration Explanation of Duties to Register as a Sex Offender. This form depicts the offender name, tier level, date of birth, and other identifiers. This form accurately depicts identifiers for Griffin, and outlines 15 paragraphs of specific required conditions the offender must comply with. This form shows Griffin initialed each paragraph, and provided his signature at the bottom of the last page. This form includes the instruction, Griffin is required by law to register as a sex offender and failure to register as required by law is a felony and may result in prosecution. This form lists Griffin as a Tier 3 offender in the State of Michigan. Paragraph 1, subsection c, states, "If I am a Tier 3 offender, I must register for the remainder of my life." Paragraph 3, subsection c, states, "If I am a Tier 3 offender, I am required by law to verify my address four times a year…". Paragraph 6 states, "I am required by law to report in person within three business days to a local law enforcement agency, sheriff's office, or Michigan State Police post having jurisdiction over my residence, all of the following: My new address after changing or vacating my residence within the State of Michigan…".

5.      On November 17, 2013, the Michigan State Police-SOR Unit completed an Original Incident Report. This report indicated on April 2, 2012, Griffin provided an address of 71 Edsel, Detroit, Michigan. The report indicates as of November 17, 2013, Griffin had missed (6) verification periods and

has failed to verify any address since April 2, 2012. This report requested a warrant for 6 counts Fail to verify address pursuant to MCL 28.725a(3)(b).

6.  The National Crime Information Center (NCIC) indicates an active arrest warrant for Griffin related to the Sex Offender Registration Violation. On March 17, 2015, the warrant was issued by the State of Michigan, with the originating agency being the 36th District Court, Detroit, Michigan. The Investigative Report provided by the database Offender Watch stipulates the warrant is only extraditable "State wide". This entry appears to have been made by Michigan State Police Trooper Walden. Trooper Walden has indicated there are no funds to extradite from New Mexico to Michigan at this time.

7.  A Sex Offender query, ran through NCIC, provides Griffin is only registered as a Sex Offender in the State of Michigan. There is no record of Griffin attempting to register in any other State or jurisdiction.

8.  On April 4, 2016, the United States Marshal Service, District of New Mexico was referred at tip from the Michigan State Police. The tip indicated Griffin was likely residing at 5817 Central Avenue NW, Albuquerque, New Mexico. Further information provided Griffin was residing with his fiancé, her mother, and her four children. On April 4, 2016, Deputy U.S. Marshal (DUSM) Roberson ran identifiers for Griffin through a database available to law enforcement. This database indicates through credit sources, Griffin was likely residing in the State of Louisiana from about January 2013 to October 2015. This source indicates an address of 780 Staring Lane, Baton Rouge, Louisiana, with a reported date of June 3, 2014. This source indicates an address of 5817 Central Avenue NW, Albuquerque, New Mexico with a reported date of February 15, 2016.

9.  On April 8, 2016, DUSM Roberson contacted by telephone the source of information that provided the tip to the Michigan State Police in regards to Griffin being in the State of New Mexico. DUSM Roberson made arrangements with this subject to meet in person for interview on April 11, 2016. On April 11, 2016, DUSM Roberson and Senior Inspector (SI) Glisson met with an employee from the Villas Esperanza Apartments. This subject will be referred to by the initials DA. DA was willing to provide a voluntary statement, report of witness, hand written on USM form 11S. DA stated the following facts on this form: On February 12, 2016, Griffin and his fiancée, Marie Palmer, came into the office at 3901 Lafayette Drive NE, Albuquerque, New Mexico. DA indicated the purpose of this visit was to rent an apartment. DA reported that when their business ran the background check and it returned, "we had to deny him as he had a bad background". DA stated on the application Griffin denied being a convicted felon, and also denied "being subject to a lifetime state sex offender registration program in any state."

10. The following facts were provided by DA but not written into the statement. Griffin had been living at 5817 Central NW, with his fiancé, her mother Marlene Palmer, and four other children. DA showed a copy taken of a Louisiana Identification card with identifiers matching Griffin, and a photo matching the subject for Griffin as seen on the online search of the Michigan Public Sex Offender Registry. The Identification card was issued May 8, 2013. The Identification card for Griffin indicated

an address of 780 Staring Lane, Baton Rouge, Louisiana. DA showed a hand written letter signed by Marlene Palmer. This letter stated, "Mr. Griffin has been staying with us since the middle of January of this year." DA stated Griffin provided employment verification where he was said to be working at Buffalo Wild Wings located at 6001 Iliff Road NW, Albuquerque, New Mexico.

11.    On April 7, 2016, the United States Marshal Service contacted the New Mexico Department of Public Safety (DPS), Sex Offender Registration (SOR) Program Manager. The USMS requested assistance in determining the requirements for Griffin to register as a Sex Offender in the State of New Mexico. The DPS, SOR Program Manager, advised Griffin would be required to register every 90 days for lifetime, based on the 1993 conviction and the date Griffin discharged his sentence.

12.    As of April 17, 2016, the affiant alleges Griffin knowingly failed to comply with the rules and guideline required by 42 U.S.C. 16901 et seq., the Sex Offender Registration and Notification Act (SORNA), and 18 U.S.C. 2250, Failure to Register. On or about January 2015, Griffin traveled to the State of New Mexico. Griffin failed to comply with notifying the County of any change of residence that is in the State of Michigan, State of Louisiana, or State of New Mexico. On February 18, 1993, Griffin having been convicted of two counts of Criminal Sexual Conduct 1st Degree (weapon used), one count of Criminal Sexual Conduct 1st Degree (personal injury) is required to register as a Sex Offender. Griffin is required to register under the 2005 New Mexico SORNA law, requiring him to register every 90 days for life.

13.    WHEREFORE, it is respectfully submitted that probable cause exists to believe that Willie Lewis Griffin did commit an offense in violation of Title 42 U.S.C. § 16913 and 18 U.S.C. § 2250; having been convicted of Criminal Sexual Conduct in the State of Michigan, and knowingly failed to register as a sex offender in the State of New Mexico.

Christopher Roberson

Deputy U.S. Marshal

Sworn to and Subscribed before me this 20 day of April 2016.

United States Magistrate Judge